

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Pat Beene
County Attorney
Andrews County
Andrews, Texas

Dear Sir:

Opinion No. O-7272

Re: Whether candidate may have
his name placed on primary
ballot when he will not have
been an actual bona fide re-
sident of county for six
months next preceding general
election.

We are in receipt of your letter of recent date request-
ing the opinion of this department on the above stated matter. We
quote from your letter as follows:

"I have been asked by the County Chairman to
secure from you an opinion relative to the placing of
a persons name on the ballot if that person does not
at the present time live in Andrews County, Texas.

"The facts are: That a man who at present lives
in El Paso and who has never lived in Andrews County,
Texas has requested that his name be placed on the Bal-
lot for County Attorney. He gives in his application
his present address, which is listed as El Paso, Texas.

"In as much as I am interested in the matter here-
in discussed I will not present an opinion, but will
rely upon you to furnish the opinion for Mr. Montgomery.

"We would both appreciate your early attention to
this matter in as much as the time in which to place
applications with the Chairman is about up."

Article 2927, Vernon's Annotated Civil Statutes, provides:

"No person shall be eligible to any State, county,
precinct or municipal office in this State unless he shall
be eligible to hold office under the Constitution of this
State, and unless he shall have resided in this State for
the period of twelve months and six months in the county,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

precinct, or municipality, in which he offers himself
as a candidate, next preceding any general or special
election, and shall have been an actual bona fide
citizen of said county, precinct, or municipality for
more than six months. No person ineligible to hold
office shall ever have his name placed upon the ballot
at any general or special election, or at any primary
election where candidates are selected under primary
election laws of this State; and no such ineligible
candidate shall ever be voted upon, nor have votes
counted for him, at any such general, special, or pri-
mary election."

Under the foregoing provisions, in order for a person,
offering himself as a candidate, to be eligible to hold the office
of county attorney, he must have been an actual bona fide resident
of the county for more than six months next preceding the general
election. In view of this, a person offering himself as a candi-
date for county attorney who was not an actual bona fide resident
of Andrews County on May 5, 1946, would not be eligible to hold
such office.

Article 2987 further provides that no person who is in-
eligible to hold office shall have his name placed on the ballot in
the primary election. You are therefore advised that if the candi-
date in question were not an actual bona fide resident of Andrews
County by May 5, 1946, his name cannot be placed on the ballot for
the 1946 primary elections in Andrews County.

We trust that the above and foregoing will satisfactorily
answer your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _J. A. Ellis_

J. A. Ellis
Assistant

JAE:djm

APPROVED JUN 30, 1946

(Signature)

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN